**YU | MOHANDESI LLP**

**B. Ben Mohandesi** (SBN 214921)
213.377.5505 | bmohandesi@yumollp.com
**Jordan S. Yu** (SBN 227341)
213.377.5502 | jyu@yumollp.com
**Brett B. Goodman** (SBN 260899)
213.374.3543 | bgoodman@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
Convergent Outsourcing, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN NAVARRO,<br><br>    Plaintiff,<br><br>vs.<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>    Defendant. | Case No.: 2:16-cv-315-FMO-MRW<br><br>**DEFENDANT CONVERGENT OUTSOURCING, INC.'S ANSWER TO COMPLAINT** |

– 1 –
ANSWER

Defendant Convergent Outsourcing, Inc. ("Defendant") hereby answers the Complaint ("Complaint") of Plaintiff Carolyn Navarro ("Plaintiff") as follows:

## I. INTRODUCTION

1. Answering Paragraph 1 of the Complaint, Defendant admits only that Plaintiff purports to allege violations of the Rosenthal Fair Debt Collection Practices Act and the Fair Debt Collection Practices Act.  Defendant denies violating these statutes.  As a further response, Defendant denies these allegations to the extent they misstate the law.

## II. PARTIES

2. Answering Paragraph 2 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.  Further, the allegations consist of legal conclusions to which no response is required.

3. Answering Paragraph 3 of the Complaint, the allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that under certain circumstances, within a specific capacity, and at certain times, Convergent collects debts asserted to be due to a third party.

## III. FACTUAL ALLEGATIONS

4. Answering Paragraph 4 of the Complaint, erroneously identified as Paragraph 1, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

5. Answering Paragraph 5 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

6. Answering Paragraph 6 of the Complaint, erroneously identified as Paragraph 3, Defendant admits that it received a letter from Plaintiff's counsel dated July 27, 2015.  As a further response, the subject letter speaks for itself.  Except as stated, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

7. Answering Paragraph 7 and each of its subparts of the Complaint, erroneously identified as Paragraph 4, Defendant denies these allegations.

8. Answering Paragraph 8 of the Complaint, erroneously identified as Paragraph 5, Defendant denies the allegations.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

9. Answering Paragraph 10 of the Complaint, erroneously identified as Paragraph 6, Defendant incorporates by reference its responses previous paragraphs as though fully set forth herein.

10. Answering Paragraph 11 of the Complaint, erroneously identified as Paragraph 7, Defendant denies the allegations.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

11. Answering Paragraph 12 of the Complaint, erroneously identified as Paragraph 8, Defendant incorporates by reference its responses to the previous paragraphs as though fully set forth herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

12. Plaintiff fails to state a claim upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

14. Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, waiver, unclean hands, laches, or other equitable doctrines.

### FOURTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate her alleged damages, if any.

///

**FIFTH AFFIRMATIVE DEFENSE**

16. Defendant expressly reserves any defenses that may be available to it under any applicable laws of other jurisdictions, in accordance with applicable choice of law rules.

**SIXTH AFFIRMATIVE DEFENSE**

17. Plaintiff's claims are barred in whole or in part because Plaintiff consented to, ratified, or acquiesced in all of the alleged acts or omissions alleged.

**SEVENTH AFFIRMATIVE DEFENSE**

18. Defendant's conduct was privileged or justified.

**EIGHTH AFFIRMATIVE DEFENSE**

19. Plaintiff has waived any and all claims, rights and demands made in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

20. Plaintiff's claims may be barred because any alleged acts or omissions of Defendant giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendant to avoid any such acts or omissions. Defendant at all times acted in a reasonable manner in connection with the transactions at issue in this action.

**TENTH AFFIRMATIVE DEFENSE**

21. Plaintiff's claims may be barred because the acts or omissions of which Plaintiff complains have been approved or mandated, implicitly or expressly, by applicable statutes and regulations.

**ELEVENTH AFFIRMATIVE DEFENSE**

22. Plaintiff's claims may be barred because Defendant at all times complied in good faith with all applicable statutes and regulations.

**TWELFTH AFFIRMATIVE DEFENSE**

23. Defendant specifically denies that it acted with any willfulness, oppression, fraud or malice towards Plaintiff.

/ / /

**THIRTEENTH AFFIRMATIVE DEFENSE**

24. Any harm alleged in the Complaint can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

**FOURTEENTH AFFIRMATIVE DEFENSE**

25. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, or intentional misconduct of others, and not by Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

26. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the intervening acts of others, and not by Defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

27. If Plaintiff prevails against Defendant, Defendant's liability is several and limited to their own actionable segment of fault, if any.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

28. Plaintiff's claims may be barred because Defendant, within 15 days of either after discovering a purported violation which is able to be cured, or after the receipt of a written notice of such purported violation, made adjustments or corrections necessary to cure the purported violation with respect to Plaintiff.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

29. Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserve the right to amend its Answer and assert such defenses.

/ / /

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint;

2. For its costs of suit herein;

3. For attorney's fees to the extent available by law or contract; and

4. For such other and further relief as this Court may deem just and proper.

DATED: February 19, 2016

YU | MOHANDESI LLP

By  */s/ Brett B. Goodman*
B. Ben Mohandesi
Jordan S. Yu
Brett B. Goodman
Attorneys for Defendant
Convergent Outsourcing, Inc.

## CERTIFICATE OF SERVICE

I certify that on February 19, 2016, a copy of the foregoing was filed and served electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system as described below. Parties may access this filing through the Court's system.

DATED: February 19, 2016.

By  */s/ Brett B. Goodman*
     Brett B. Goodman